**Meloney REEDER, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART Commissioner of Social Security, Administration, Defendant–Appellee.**

No. 03–6243.

United States Court of Appeals, Second Circuit.

March 3, 2005.

Kenneth R. Hiller, Amherst, NY, for Appellant.

Marla Piazza Siegel, Senior Attorney, Social Security Administration, New York, N.Y. (Lisa de Soto, General Counsel, Social Security Administration; Barbara L. Spivak, Chief Counsel—Region II, Social Security Administration, New York, NY, on the brief), for Appellees.

Present: LEVAL, CABRANES and KATZMANN, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AF-FIRMED.**

Plaintiff-appellant Meloney Reeder appeals the judgment of the District Court,

entered September 12, 2003, granting the motion for judgment on the pleadings of defendant-appellee Jo Anne B. Barnhart, Commissioner of Social Security. The District Court entered judgment against Reeder because it found that the decision of United States Administrative Law Judge Barry Anderson ("ALJ"), dated June 26, 2000—principally, that Reeder has the "residual functional capacity" ("RFC") to perform a full range of light work, thereby rendering her ineligible for a variety of social security benefits that she seeks, *see* 20 C.F.R. § 404.1520(a)(4)(v)—was supported by substantial evidence.

On appeal, we engage in the same exercise as the District Court, *see Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir.2002) ("Our statutory mandate as an appellate court is the same as that of the district court.")—that is, we review *de novo* the administrative record as a whole to determine whether "substantial evidence" supports the decision of the ALJ. *See* 42 U.S.C. § 405(g); *Pollard v. Halter,* 377 F.3d 183, 188–89 (2d Cir.2004). Substantial evidence need not compel the ALJ's conclusion; rather, substantial evidence need only be that evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged. *Veino,* 312 F.3d at 586 (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). If our plenary, *de novo* review of the administrative record reveals that substantial evidence supports the ALJ's decision—even if not persuading this Court that it would reach the same conclusion that the ALJ settled upon—then the decision of the ALJ is conclusive. *See* 42 U.S.C. § 405(g); *Rutherford v. Schweiker,* 685 F.2d 60, 62 (2d Cir.1982) (explaining that this Court would be "derelict in our duties" if we "shap[ed] our holding to conform to our own interpretation of the evidence").

Reeder argues on appeal, as she did before the District Court, that the ALJ inappropriately engaged in "quasi-medical" analysis and reached conclusions not supported by "competent" medical evidence. Our review of the administrative record does not support her argument. Three medical doctors, and one podiatrist, rendered assessments of Reeder's RFC that supported the ALJ's decision. *See* Medical Report of Apr. 14, 1999, by M. Jaffri, MD, *available at* Appendix 142–44; RFC Assessment of May 4, 1999, by Mahaboob Pathan, MD, and Janis L. Dale, MD, *available at* Appendix 155–62; Medical (Podiatrist) Report of May 20, 1999, by Joseph Anain, DPM, *available at* Appendix 148–54. The ALJ also noted, *inter alia,* that Reeder's daily activities "are indicative of an active lifestyle"; that Reeder's decrease in medication from February 1999 to February 2000 supports an inference that her pain had lessened; and that the medical records failed to indicate any hospitalizations that might bolster Reeder's claims of intermittent leg failure.

Reeder argues, in particular, that the decision of the ALJ is not supported by the evidence in the administrative record because the medical report of Dr. Jaffri— on which the ALJ relied, assertedly most prominently—was deficient for not having "ha[d] the benefit of the June 21, 1999 CT scan." Appellant's Br. at 18. We need not delve into the details of the results of the June 21, 1999, CT scan. Even assuming that those results arguably permit an interpretation of the evidence contrary to that of the ALJ, they do not negate the presence in the administrative record of substantial evidence that supports the ALJ's decision with respect to Reeder's RFC.

We have considered all of Reeder's arguments, and we hold, substantially for the

**60**

reasons set forth in the Bench Statement of Judge Skretny, entered September 18, 2003, that each is without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**